UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

BOBBY RAY YOUNG                              CIVIL ACTION NO. 07-cv-0710

VERSUS                                       JUDGE STAGG

WARDEN WINN CORRECTIONAL                     MAGISTRATE JUDGE HORNSBY
CENTER

**REPORT AND RECOMMENDATION**

**Introduction**

Bobby Ray Young ("Petitioner") was convicted of one count of possession of cocaine in Louisiana's First Judicial District Court, Caddo Parish. The trial court adjudicated Petitioner a second felony offender and imposed an enhanced sentence of eight years imprisonment at hard labor without benefit of parole, suspension of sentence, or good-time credit. The Louisiana Second Circuit Court of Appeal affirmed. State v. Young, 862 So.2d 312 (La. App. 2d Cir. 2003). The Supreme Court of Louisiana amended Petitioner's sentence to delete the prohibition on parole and good-time credit. State ex rel. Young v. State, 872 So.2d 505 (La. 2004).

Petitioner then filed in state court a "Motion to Vacate Sentence to the Second Felony Bill for Broken Plea Agreement," which was entertained as an application for post-conviction relief. Petitioner argued that the prosecutor breached the terms of his plea

agreement. The state courts denied the application. Petitioner now seeks federal habeas corpus relief. It is recommended, for the reasons that follow, that his petition be denied.

**The Plea Agreement**

Petitioner argues that the plea agreement made between assistant district attorney Mike Powell and Petitioner's defense counsel, Peter Black, implied that no recommendation as to sentencing would be made by the District Attorney's office. Petitioner claims that the plea agreement was breached when prosecutor Powell later recommended to Judge Charles R. Scott that he impose the maximum sentence of ten years. A review of the facts shows that the plea agreement did not prohibit the prosecutor from making that recommendation.

The setting for the plea offer was that Petitioner had been convicted of possession of cocaine. He was facing the prospect of an enhancement of his sentence for that crime based on his status as a three-time convicted felon. He was also facing a prosecution for a firearms crime. The plea offer written by Mr. Powell and sent to defense attorney Peter Black reads, in its entirety, "If Mr. Young will plead to a 2nd felony (habitual offender) bill, I will agree to leave the sentencing up to Judge Scott and dismiss the Poss. of Firearm by Convicted Felon charge. I want to have an answer ASAP. Thank you, Mike." Tr. 613.

The transcript of the Second Felony Offender Guilty Plea Hearing reads as follows:

Mr. Powell: Mr. Young had previously been billed as a third felony offender under the habitual offender law. And he's previously entered a plea of not

guilty to the third felony offender billed filed in this matter. It's my understanding that he is now going to withdraw his not guilty plea and enter a guilty plea as a second felony offender in this matter. He is going to admit that he is the person that was found guilty in this court in this docket number on March 6th, 2001, and that he is the same Bobby Ray Young that was convicted on May 17th, 1999 in the First Judicial District Court, Caddo Parish, Louisiana and was sentenced to four years hard labor in docket number 181,975. If he does, in fact, enter a plea of guilty as a second felony offender in this docket number, the state has agreed to dismiss the possession of a firearm charge pending against him before this court in docket number 210,796, we will not pursue this matter as a third felony offender in docket 211,534. **We will ask that sentencing be left up to the Court and a PSI be ordered.** I think that reflects our agreement.

Mr. Black: That's our agreement, Your Honor.

The Court: Mr. Young, it's my understanding that you are going to admit that you are a second felony offender in that you were the person that was convicted in this court in docket number 211,534 on or about March 16, 2001, and that you had a prior felony on May 17th, 1999 in the First Judicial District Court, docket number 181,975. If you admit that and if you waive your right to a formal hearing on that issue, and after some questions I will ask you I will order a presentence investigation. Your sentencing range will be at least two and a half years hard labor without benefit of probation, parole, or suspension of sentence but with credit for time served. Your maximum would be ten years hard labor, all without benefit of probation, parole, or suspension of sentence but with credit for time served. You will have to pay court costs or serve ten days in the parish jail, credit for time served concurrent with any hard labor sentence. Now with all that said, Mr. Young, do you want to proceed and enter a plea of guilty as a second felony offender?

Mr. Young: Yes, sir.

Tr. 268-269.

After the plea hearing, Mr. Powell sent a letter to Judge Scott. Powell listed several factors that he wanted the court to consider before arriving at a decision regarding

Petitioner's sentence, including that Petitioner had his child with him at the time of the offense, he resisted the police, he discarded a .40 caliber loaded gun, he was on parole, and he had a lengthy criminal history, including a conviction for Attempted First Degree Murder and Simple Escape.  In light of these factors, prosecutor Powell recommended that Young "get the maximum of ten years, consecutive to his parole time."  Tr. 612.

At the sentencing hearing, both Mr. Black and Mr. Powell made recommendations to the court regarding sentencing.  Tr. 276-281.   Mr. Black, citing Petitioner's health conditions, familial responsibilities, educational background, and rehabilitative potential, asked for a lenient sentence.  Petitioner spoke as well, acknowledging his bad choices and asking the court for mercy.  Mr. Powell, citing the details of the arrest and Petitioner's extensive criminal record, asked for the maximum sentence.  Judge Scott, after considering these statements and the presentence investigation, sentenced Mr. Young to eight years imprisonment at hard labor, two years less than the maximum sentence. Tr. 281-284.

**The State Court Decision**

After the sentencing hearing, Petitioner filed his pro se "Motion to Vacate Sentence to the Second Felony Bill for Broken Plea Agreement."  He argued that the prosecutor breached the terms of his plea agreement by arguing for the maximum sentence. The trial court found that "the District Attorney's Office met the terms of the offered and agreed-upon plea bargain," specifying that "[n]owhere in the plea bargain did it state that the prosecutor would not offer a sentencing recommendation.  It merely stated that no specific sentence

would be agreed upon between the District Attorney's Office and the Defendant." The trial court also noted that "Mr. Young, represented by counsel Mr. Peter Black, agreed to the plea agreement in open court, and was provided an opportunity at the sentencing, along with his attorney, to recommend a sentence to the court." Tr. 616-618.

The state appellate court denied a writ application in a brief opinion. It wrote, in part, "Nothing in this record indicates that the district attorney agreed to make no recommendation and the trial court's ruling is correct. The writ is denied." Tr. 615. The Supreme Court of Louisiana denied the writ without comment on the merits, but it did cite the procedural hurdle of State ex rel. Melinie v. State, 93-1380 (La. 1/12/96), 665 So.2d 1172. Tr. 642. The state has not argued the application of a procedural bar, perhaps realizing the likelihood that Melinie's prohibition on excessive sentence arguments in a post-conviction application is not applicable to this breached plea bargain claim, so it might not provide an independent and adequate grounds for the state court's decision. In any event, there is no procedural bar raised, so none will be addressed.

**Federal Standard of Review**

A federal court shall not grant habeas relief with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence

presented in the State court proceeding. 28 U.S.C. § 2254(d)(1). Relief is not permitted under the "unreasonable application" standard unless the state court decision was so wrong as to be objectively unreasonable. Lockyer v. Andrade, 123 S.Ct. 1166, 1175 (2003). And it is only the state court's ultimate decision, not the quality of its analysis or opinion, that is at issue. Neal v. Puckett, 286 F.3d 230, 246 (5th Cir. 2002) (en banc).

**Analysis**

In Santobello v. New York, 92 S.Ct. 495, 499 (1971), the leading case on breached plea agreements, the prosecutor agreed to (1) permit the defendant to plead guilty to a lesser charge and (2) make no recommendation as to the sentence. The defendant pleaded guilty. By the time of sentencing, both the judge and the prosecutor had been replaced. The new prosecutor recommended the maximum one year sentence. Over a defense objection that the recommendation violated the terms of the plea bargain, the judge imposed the one year sentence.

The Supreme Court held that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such a promise must be fulfilled." Santobello, 92 S.Ct. at 499. In other words, if the state is a party to the plea agreement, the terms of the bargain must be enforced. The Court determined that relief was warranted, but it left to the state court on remand to determine whether that relief would be (1) specific performance of the agreement, in which

case the defendant would be re-sentenced by a different judge, or (2) granting the defendant the opportunity to withdraw his guilty plea. Id.

Following Santobello, circuit courts have held that an agreement on the part of the prosecutor to "take no position" regarding sentencing precludes the prosecutor from making a recommendation to the court. See, e.g., U.S. v. Diamond, 706 F.2d 105 (2d Cir. 1983) (where prosecutor agreed not to recommend any specific sentence to the judge but reserved the right to provide information relevant to the sentence, prosecutor did not breach plea agreement when it provided such information, in contrast to a prosecutor who agreed to "take no position"); U.S. v. Vaval, 404 F.3d 144 (2d Cir. 2005) (where prosecutor's promise was to take no position concerning where defendant's sentence should fall, prosecutor breached by saying that "technically" it could move for upward departure and subsequently making statements clearly intended to urge the court to grant upward departure); and U.S. v. Nolan-Cooper, 155 F.3d 221, 237 (3rd Cir. 1998) ("a promise to take no position on an issue...is a promise not to attempt to influence the defendant's sentence on that particular issue").

The question for this court is whether the state court's decision that the prosecutor did not violate the plea agreement was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1). The clearly established law for this case is found in Santobello. The agreement in Santobello to make no recommendation was not the same as the agreement in this case to

leave sentencing to the judge. The court has not located a Supreme Court case that has addressed a plea agreement precisely like the one in this case, but it is convinced that the state court's decision is not an objectively unreasonable application of the principles set forth in Santobello.

Prosecutor Powell, unlike the prosecutor in Santobello, did not expressly agree to make no recommendation or take no position as to Petitioner's sentence. Rather, he agreed only that sentencing would be left to the judge. Petitioner asks the court to infer from that agreement an unwritten but implied term that the prosecution could not recommend a sentence, but agreeing to leave sentencing to the judge is not the same as promising not to make a recommendation to the judge regarding the sentence.

Appreciating the distinction perhaps requires awareness that in Louisiana state courts, unlike in federal court, it is quite common for a plea bargain to include a sentence that is agreed upon by the prosecutor and the defendant. The reported cases are full of mentions of plea bargains that included an "agreed sentence." See., e.g., State v. Mingo, 965 So.2d 952 (La. App. 2d Cir. 2007) (defense counsel and the district attorney agreed the defendant would receive four years with credit for time served, and the state would not file a multiple offender bill); State v. Timmons, 998 So.2d 145 (La. App. 2d Cir. 2008) (plea bargain called for an agreed sentence of eight years, with no multiple offender bill to be filed); and State v. Taylor, --- So.3d ----, 2009 WL 1315818 (La. App. 2d Cir. 2009) ("where a specific sentence or a sentencing cap has been agreed upon as a consequence of a plea bargain, a sentence imposed

within the agreed range cannot be appealed as excessive if that right has not been specifically reserved").

Powell's offer to leave the sentence to the judge was simply to indicate that there was no agreed sentence as part of the plea offer. Nothing in the terms of the plea agreement prohibited either counsel from arguing for a lower or higher sentence, and both attorneys did so at the hearing. The defense attorney who handled the plea bargain and sentencing hearing is a skilled and zealous defender of his clients, and he offered no objection that the prosecutor had violated the terms of the bargain. The experienced and capable judge who imposed the sentence, after hearing the terms of the bargain, gave no hint that he believed the prosecutor was prohibited from arguing at sentencing.

A court that examines a breached pleas claim should consider whether the prosecution's conduct was "consistent with the defendant's reasonable understanding of the agreement." U.S. v. Munoz, 408 F.3d 222, 226 (5th Cir. 2005). The lack of objection or indication of concern indicates that defense counsel and the sentencing judge appreciated, at the time of sentencing, that the terms of the bargain were reasonably understood to permit the prosecutor to make argument regarding the appropriate sentence. This court has no doubt that defense counsel would have objected, and the state court judge would have spoken up, if there was any concern that the plea bargain had been breached.

The state court's decision did not result in a decision that was contrary to, or involved an unreasonable application of, the principles established in Santobello or other Supreme

Court precedent. It also did not result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Thus, under § 2254(d)(1), the federal court cannot grant habeas relief.

Accordingly;

**IT IS RECOMMENDED** that the petition for writ of habeas corpus be **denied**, and that Petitioner's complaint be **dismissed with prejudice**.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 14th day of September, 2009.

                                                    MARK L. HORNSBY
                                         UNITED STATES MAGISTRATE JUDGE